# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 13, 2012

Lyle W. Cayce
Clerk

No. 11-51072
Summary Calendar

RODOLFO IBARRA MUNOZ,

Petitioner-Appellant

v.

CLAUDE MAYE, Warden, Bastrop Federal Correctional Institution, Bastrop, Texas,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-960

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rodolfo Ibarra Munoz, federal prisoner # 00556-079, was sentenced in 2009 to 108 months in prison for interstate transportation in aid of racketeering, aiding and abetting, and using a communication facility to facilitate the distribution of marijuana. He filed a 28 U.S.C. § 2241 petition, arguing that the time that he spent in a community corrections center (CCC), or halfway house, prior to sentencing, and the time that he spent in the CCC after sentencing but

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior to the date that he reported to the designated Bureau of Prisons (BOP) facility, should be credited against his sentence pursuant to 18 U.S.C. § 3585(b). The district court denied the § 2241 petition, reasoning that Munoz's claim was vitiated by *Reno v. Koray*, 515 U.S. 50, 57-65 (1995), in which the Supreme Court held that time spent while released on bail subject to restrictions, including confinement in a community treatment facility, does not constitute official detention for purposes of § 3585(b) and is not credited toward the sentence imposed.

On appeal, Munoz again challenges the BOP's sentence calculation, and he argues that the district court failed to recognize that his request for credit comprised two different time periods: (1) the time spent in a halfway house prior to the oral pronouncement of sentence, and (2) the time spent in a halfway house after he was sentenced. He also maintains that the Department of Justice's (DOJ) opinion, set forth in a memorandum dated December 16, 2002, that a CCC constitutes a penal or correctional facility, undermines the reasoning in *Koray* and mandates credit for pre-sentencing time served in a CCC.

Munoz's arguments are without merit. Prior to reporting to the BOP facility, Munoz was released on bail, subject to the restriction that he maintain residence in a halfway house or CCC; he was not "committed to the custody of the Attorney General" or otherwise "subject to BOP's control." *Koray*, 515 U.S. at 57-58 (internal quotation marks and citation omitted). Accordingly, Munoz was not in "official detention" for purposes of § 3585(b), and the district court did not err when it held that the BOP correctly denied Munoz's requested credit. *See id.* at 58-65. Additionally, any challenge by Munoz to the district court's failure to make findings about the purportedly restrictive nature of the time he spent in the halfway house is foreclosed by *Koray*, in which the Court specifically rejected the "jail-type confinement" test as being "sufficiently vague and amorphous." *Id.* at 63-64. Finally, Munoz's reliance on the DOJ memorandum of December 16, 2002, is misplaced. Even if a CCC may constitute a place of

imprisonment, Munoz cannot show that he was in the custody of the BOP. *See id.* at 58, 63.

For the foregoing reasons, the judgment of the district court is AFFIRMED. Munoz's motion to supplement the record on appeal is DENIED.